UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE MARKOWITZ,<br><br>       Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. ET AL.,<br><br>       Defendants. | Case No.: 19cv655-L-LL<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

  Defendants Teva Pharmaceuticals USA, Inc., CooperSurgical, Inc. and The Cooper Companies, Inc. removed this personal injury action from State court pursuant to 28 U.S.C. §§1332 and 1441. For the reasons stated below, the action is remanded. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of

1

establishing removal jurisdiction is on the removing party. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). Defendants' notice of removal is based on 28 U.S.C. §1332. Under section 1332(a), original jurisdiction exists in cases of complete diversity, where the amount in controversy exceeds $75,000 and there is complete diversity, *i.e.*, where each plaintiff is a citizen of a different state from each defendant.

Defendants admit that The Cooper Companies, Inc. ("Cooper") is not diverse because its principal place of business is in California. (Removal (doc. no. 1) at 4.) They argue that Cooper was fraudulently joined, and should therefore be disregarded for purposes of diversity jurisdiction.

"There is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Fraudulent joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks and citation omitted). Defendants proceed on the latter theory. In this regard, the inability to establish a claim must be "obvious according to the settled rules of the state." *Hamilton Materials*, 494 F.3d at 1206.

Plaintiff alleges that Cooper is liable because it "purchased certain assets of Teva and as such ha[s] successor liability." (Compl. (doc. no. 1-1) at 4.)[1] Under California law,

> a successor company has liability for a predecessor's actions if: (1) the successor expressly or impliedly agrees to assume the subject liabilities . . ., (2) the transaction amounts to a consolidation or merger of the successor and the predecessor, (3) the successor is a mere continuation of the predecessor,

---

[1] Page numbers are assigned by the Electronic Case Filing System.

or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts.

*CenterPoint Energy, Inc. v. Super. Ct. (City and County of San Francisco),* 157 Cal. App. 4th 1101, 1120 (2007) (citation omitted). Defendants contend that Cooper does not meet any of these criteria; however, they provide no support for their bald assertion. (S*ee* Removal at 5-6).

For the foregoing reasons, Defendants, as the moving parties, have not met their burden to show fraudulent joinder. The notice of removal fails to establish federal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is therefore remanded to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: April 9, 2019

_____
Hon. M. James Lorenz
United States District Judge